IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Criminal No. 5:15-cr-00289-BO-1
Civil No. 5:17-cv-00489-BO

| | |
|---|---|
| GREGORY ALLEN TIGNOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause is before the court on petitioner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [D.E. 46] and respondent's corresponding motion to dismiss [D.E. 51].

BACKGROUND:

On April 5, 2016, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). See Mem. Plea Agreement [D.E. 27]. On September 15, 2016, the court sentenced petitioner to 132 months' imprisonment, 10 years' supervised release, a $100 special assessment, and restitution in the amount of $6,500. See [D.E. 43]; J. [D.E. 45]. Petitioner did not appeal his judgment.

On September 15, 2017, petitioner signed a motion to vacate under 28 U.S.C. § 2255 that was filed in the court on September 25, 2017. See Pet'r's Mot. [D.E. 46]. Petitioner raises three claims. First, petitioner alleges the government made "misleading, untruthful[,] or otherwise incorrect statements" at sentencing. Id. at 4. Second, petitioner alleges his counsel was ineffective by failing to inform the court of petitioner's employment background and stable family history. Id. at 5. Third, petitioner alleges his sentence of imprisonment was greater than necessary. Id. at 6.

Respondent argues petitioner's first and third claim are procedurally defaulted, contends petitioner has not demonstrated ineffective assistance of counsel, and moves to dismiss the action under Federal Rule of Civil Procedure 12(b)(6). See Mem. Supp. Resp't's Mot. Dismiss [D.E. 52].

In a supplemental memorandum, petitioner asserts his counsel was ineffective because, among other things, counsel did not advocate for a downward departure due to petitioner's age and failed to present other information to mitigate the sentence including petitioner's history as an abuse victim, his mental health issues, and his dedication to his family. See Pet'r Mem. [D.E. 60] at 5–9.

DISCUSSION:

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests the legal sufficiency of the pleading and should be granted unless the pleading states a facially plausible claim for relief. See Fed. R. Civ. P. 12(b)(6); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Birmingham, 846 F.3d 88, 92 (4th Cir.), as amended (Jan. 20, 2017), cert. denied sub nom. Birmingham v. PNC Bank, N.A., 138 S. Ct. 468 (2017); see also Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to section 2255 proceedings). When considering a Rule 12(b)(6) motion, the court assumes the truth of all facts alleged in the complaint, but need not accept legal conclusions drawn from the facts. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted).

Here, because petitioner failed to challenge the judgment of the court on direct appeal, his first and third arguments have been procedurally defaulted. See Murray v. Carrier, 477 U.S. 478, 485 (1986); see also Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an

2

extraordinary remedy and will not be allowed to do service for an appeal." (internal quotations and citations omitted)). Procedurally defaulted claims, nevertheless, may receive federal habeas review if a petitioner demonstrates either "cause and prejudice" or that he is "actually innocent" of the charges against him. Id. The cause-and-prejudice standard requires a petitioner to demonstrate both the existence of cause for a procedural default that turns on something external to the defense and actual prejudice resulting from the errors of which he complains. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (citing United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)). The "actual innocence" exception requires a petitioner to show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. See Bousley, 523 U.S. at 623.

Petitioner does not assert actual innocence. Moreover, petitioner's alleged unfamiliarity with the courts is insufficient to show "cause and prejudice." See Holloway v. Smith, No. 95–7737, 81 F.3d 149 (table), 1996 WL 160777, at *1 (4th Cir. Apr. 8, 1996) (unpublished) (noting a petitioner "does not meet the cause and prejudice standard because unfamiliarity with the law and his pro se status do not constitute adequate justification to excuse his failure to present the claim earlier . . . ."). Thus, because petitioner has not established cause for his default, these claims will be dismissed.

The court now considers petitioner's ineffective assistance of counsel claim. To prevail on a claim of ineffective assistance of trial counsel, a habeas petitioner must establish two things. First, he must show that the counsel's performance was deficient in that it was objectively unreasonable under prevailing professional norms. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984). In reviewing this element, a court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court

3

must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Second, a petitioner must also establish that counsel's deficient performance prejudiced him by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Here, the record belies petitioner's contention that his defense counsel was unprepared for sentencing and failed to seek a downward variance. See Def.'s Mem. [D.E. 42] (requesting a downward variance in sentencing); Def.'s Attach. [D.E. 42-1] (attaching numerous character letters in support); Sentencing Tr. [D.E. 54] (discussing petitioner's cooperation, work history, family support, history of alcohol abuse when advocating for a downward variance). In fact, petitioner did receive a downward variance from the guideline range of 151-188 months. See Sentencing Tr. [D.E. 54]. Moreover, at the time of sentencing, the court was aware of petitioner's history as a childhood abuse victim as well as his employment background, age, physical condition, and family history. See Revised Presentence Investigation Report [D.E. 41].

Succinctly stated, petitioner fails to demonstrate his "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Moreover, even assuming that petitioner counsel's strategic decisions at sentencing were objectively unreasonable, petitioner still cannot succeed on his claim because petitioner likewise fails to demonstrate a "reasonable probability" that the attorney's performance affected the outcome of his sentencing. See id. at 694. Accordingly, this claim also will be dismissed.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court will deny a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

4

CONCLUSION:

For the reasons discussed above, the court GRANTS respondent's motion to dismiss [D.E. 51]; DISMISSES the section 2255 motion [D.E. 46]; and DENIES a Certificate of Appealability.

SO ORDERED. This  4  day of November 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
Chief United States District Judge